# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **JENNIFER SCHULTZ**<br>9518 Baltimore Ave<br>Laurel, MD 20723 | Civil Case No.: |
|        Plaintiff, | |
|   vs. | **COMPLAINT** |
| **ROME TECHNOLOGIES, INC.**<br>412 Headquarters Drive, Suite 4<br>Millersville, MD 21108 | **JURY TRIAL DEMANDED** |
| 2421 Mountain Rd<br>Pasadena, MD 21122 | |
|     SERVE RESIDENT AGENT:<br>    Scott Victor Rome<br>    412 Headquarters Drive, Suite 4<br>    Millersville, MD 21108 | |
| **SCOTT V. ROME**,<br>412 Headquarters Drive, Suite 4<br>Millersville, MD 21108 | |
|        Defendants. | |

Plaintiff Jennifer Schultz, by and through her attorneys, hereby files this Complaint against Defendants Rome Technologies, Inc. and Scott V. Rome, and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action against Rome Technologies, Inc. and Scott V. Rome (collectively "Defendants"), to recover unpaid overtime wages, liquidated damages and reasonable attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.*

2.      Plaintiff also brings this action against Defendants to recover unpaid back wages, overtime pay, treble damages and reasonable attorneys' fees and costs under the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann. Lab. & Empl. § 3-401 *et seq.* and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code. Ann. Lab. & Empl. § 3-501 *et seq.*

3.      Defendants employed Plaintiff as a field trainer who performed primary job duties that do not fall within any exemptions from overtime under the FLSA, MWHL and MWPCL.

4.      Defendants misclassified Plaintiff as an exempt employee, paid her a fixed salary regardless of how many hours she worked per week, and therefore failed to pay overtime wages at the mandated time and a half rate for each hour she worked in excess of forty (40) per workweek, in violation of 29 U.S.C. § 207 and Md. Code Ann., Lab. & Empl. §§ 3-415, 3-420 and 3-501 *et seq.*

5.      Defendants have willfully and intentionally committed violations of the above-described statutes and corresponding regulations, in the manner described herein.

6.      Defendants were sent a pre-suit demand letter but elected not to resolve this matter without judicial intervention.

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201 *et seq.*

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendants employed Plaintiff in this district and a substantial part of the acts or omissions

giving rise to this action occurred in this district and Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

10.     Defendant Rome Technologies, Inc. ("Rome Technologies") is a domestic for-profit entity created and existing under and by virtue of the laws of the State of Maryland.

11.     According to the public records on the Maryland Department of Assessments & Taxation website[1], Rome Technologies maintains a principal office at 412 Headquarters Drive, Suite 4, Millersville, MD 21108 and a mailing address at 2421 Mountain Rd., Pasadena, MD 21122-1211.

12.     Rome Technologies' headquarters is also at 2421 Mountain Rd., Pasadena, MD 21122-1211.

13.     According to its website,[2] Rome Technologies is engaged in business in the collision repair industry and provides software and services to auto shops across the country.

14.      Defendant Scott V. Rome ("Rome") is the owner and shareholder of Rome Technologies.

15.     According to the company's website, Mr. Rome is also the President of Rome Technologies.

16.     According to the public records on the Maryland Department of Assessments & Taxation website, Mr. Rome is also the designated resident agent of Rome Technologies at the address 412 Headquarters Drive, Suite 4, Millersville, MD 21108.

17.     Mr. Rome is personally involved in the daily operation of Rome Technologies.

18.     Mr. Rome is present at Rome Technologies' offices on a regular basis.

---

[1] https://egov.maryland.gov/BusinessExpress/EntitySearch.
[2] http://www.rometech.com/.

19.     Mr. Rome is personally involved in the daily management of the Rome Technologies' employees.

20.     Mr. Rome has personally determined the compensation policies and work schedules, duties and conditions of the Rome Technologies' employees.

21.     Mr. Rome possesses and exercises the authority to hire and fire Rome Technologies' employees.

22.     Mr. Rome was personally involved in the hiring of Plaintiff.

23.     Mr. Rome was personally involved in determining the compensation of Plaintiff.

24.     Mr. Rome was personally involved in the work schedules, duties and conditions of Plaintiff.

25.     Plaintiff Jennifer Schultz is a resident of the County of Prince George's and State of Maryland.

26.     Plaintiff was employed by Defendants from approximately January 2017 through November 2018.

## FACTUAL ALLEGATIONS

27.     Defendants have operated and controlled an enterprise engaged in commerce as defined under the FLSA.

28.     Defendants have generated over $500,000 in revenue per year.

29.     Defendants have had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

30.     Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

31.     Defendants were the "employers" of Plaintiff within the meaning of 29 U.S.C. §

203(d) of the FLSA and Md. Code Ann., Lab. & Empl. §§ 3-101, 3-401 and 3-501.

32.     Defendants hired Plaintiff and determined the rate and method of the payment of her wages.

33.     Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff.

34.     Plaintiff was employed by Defendants as a field trainer.

35.     Plaintiff was required and regularly traveled to the clients' shops across the country.

36.     When Plaintiff traveled to the clients' shops, she almost always, if not always, traveled with a senior trainer.

37.     The senior trainer and Plaintiff traveled to the clients' shops to show the clients' staff how to use Rome Technologies's software.

38.     Plaintiff's primary job duties did not fall within any exemptions from overtime under the FLSA, MWHL and MWPCL.

39.     Plaintiff's primary job duties did not include the exercise of discretion and independent judgment.

40.     Plaintiff was paid twice a month – on the 15th and the last day of the month.

41.     Plaintiff was compensated on a fixed salary basis, regardless of how many hours she worked per week.

42.     Plaintiff's annual salary was approximately $65,000 when she was separated from the company.

43.     Plaintiff was promised, but did not always receive, a bonus at a rate of $1,500, if she worked more than three weeks in the field in a month.

44.     During the workweeks in which Plaintiff traveled to the clients' shops, she regularly

worked more than forty hours per week.

45.     Defendants classified Plaintiff as an exempt employee.

46.     Defendants misclassified Plaintiff as an exempt employee.

47.     Defendants knew Plaintiff regularly worked overtime but still failed to pay Plaintiff the federal and state mandated overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) in a workweek.

48.     Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

49.     Defendants' violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Fair Labor Standards Act and the Code of Federal Regulations)**

50.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

51.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receive compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

52.     Plaintiff was an "employee" under 29 U.S.C. § 203(e) and thus covered by the FLSA, 29 U.S.C. § 207(a)(1).

53.     Defendants were the "employers" of Plaintiff under 29 U.S.C. § 203(d).

54.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for overtime hours worked, at the overtime rate.

55.     Plaintiff worked overtime in multiple workweeks.

56.     Plaintiff was entitled to, and is owed, overtime pay at the rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a given workweek.

57.     Defendants have failed and refused to compensate Plaintiff properly and as required by law for numerous overtime hours worked.

58.     Defendants' uniform conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

59.     Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

60.     As a result of Defendants' uniform policy and practice described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, costs, reasonable attorneys' fees and other compensation pursuant to 29 U.S.C § 216(b).

**SECOND CLAIM FOR RELIEF**
**(Violation of the Maryland Wage and Hour Law)**

61.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

62.     The Maryland Wage and Hour Law requires each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage.  Md. Code Ann., Lab. & Empl. §§ 3-415, 3-420.

63.     Plaintiff was an "employee" covered by the Maryland Wage and Hour Law.

64.     Defendants were the "employers" of Plaintiff under Md. Code Ann., Lab. & Empl. §§

7

3-101, 3-401.

65.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for overtime hours worked, at the overtime rate.

66.     Plaintiff worked overtime in multiple workweeks.

67.     Plaintiff was entitled to, and are owed, overtime pay at the rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a given workweek.

68.     Defendants have failed and refused to compensate plaintiff properly as required by law for numerous overtime hours worked.

69.     Defendants' uniform conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

70.     As a result of Defendants' uniform policy and practice described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, costs, reasonable attorneys' fees and other compensation pursuant to Md. Code Ann., Lab. & Empl. § 3-427.

### THIRD CLAIM FOR RELIEF
**(Violation of the Maryland Wage Payment and Collection Law)**

71.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

72.     Defendants have failed and continue to fail to pay to Plaintiff earned wages, which are due and owing to her.

73.     Section 3-501(c) of MWPCL defines wages as including "overtime wages."

74.     Section 3-502 of the MWPCL requires an employer to pay all wages earned "at least once in every 2 weeks or twice in each month."

75.     Defendants violated Section 3-502 of the MWPCL by failing to pay plaintiff earned

overtime wages on time.

76.    Section 3-505 of the MWPCL requires employers to pay an employee "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated."'

77.    Defendants violated Section 3-505 by failing to pay Plaintiff her overtime wages at any time on or before the employment relationship between the parties terminated or when they became due under the Maryland Wage Payment and Collection Law.

78.    The aforesaid actions and/or omissions of defendant are in contravention of the Maryland Wage Payment and Collection Law.  Maryland Employment & Labor Code Ann., Sec. 3-505.

79.    The Court is permitted to award Plaintiff treble damages and reasonable counsel fees for any violation of the Maryland Wage Payment Collection Law.  Md. Code Ann., Lab. & Empl. 3-507.2.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands declaratory and monetary judgment and relief against Defendants, and each of them, individually, jointly and severally, as follows:

(A)    A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(B)    A declaratory judgment that Defendants' wage practices alleged herein violate overtime provisions of the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann. Lab. &

Empl. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md.

Code. Ann. Lab. & Empl. § 3-501 *et seq.*;

(C)     Judgment for unpaid overtime wages to which Plaintiff is lawfully entitled

pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29

C.F.R. §516 *et seq.*;

(D)     Judgment for unpaid overtime wages to which Plaintiff is lawfully entitled

pursuant to the MWHL and MWPCL;

(E)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29

US.C. §201 *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to the

total amount owed to Plaintiff during the applicable statutory period;

(F)     Judgment for liquidated damages pursuant to the MWHL in an amount equal to

the total amount owed to Plaintiff during the applicable statutory period;

(G)     Judgment for treble damages pursuant to the MWPCL.  Md. Code. Ann. Lab. &

Empl. § 3-507.;

(H)     An Order directing Defendants to pay Plaintiff pre and post-judgment interest,

reasonable attorney's fees and all costs connected with this action pursuant to the FLSA, MWHL

and MWPCL;

(I)     Judgment for any and all civil penalties to which Plaintiff may be entitled; and

(J)     Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Plaintiff, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38

of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with

respect to the above entitled claims.

Dated: April 30, 2019          Respectfully submitted,


By:    *s/ James Edward Rubin*
        James Edward Rubin
        **THE RUBIN EMPLOYMENT LAW FIRM, PC**
        600 Jefferson Plaza, Suite 204
        Rockville, MD 20852
        jrubin@rubinemploymentlaw.com
        T: (301) 760-7914
        jrubin@rubinemploymentlaw.com

        *Local Counsel for Plaintiff*

        Jason T. Brown (to seek *pro hac vice* admission)
        **BROWN, LLC**
        111 Town Square Place, Suite 400
        Jersey City, New Jersey 07310
        T: (877) 561-0000
        F: (855) 582-5297
        jtb@jtblawgroup.com

        *Lead Counsel for Plaintiff*