**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| JENNIFER SCHULTZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.:  1:19-cv-01268-JMC |
| | * | |
| ROME TECHNOLOGIES, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil procedure 12, the defendants, Rome Technologies, Inc. ("Rome Technologies") and Scott V. Rome ("Mr. Rome"), by and through their attorneys, JORDAN COYNE LLP and Deborah Murrell Whelihan, answer the plaintiff's Complaint and state as follows:

**FIRST DEFENSE**

The defendants aver that any and all averments of the Complaint that are not affirmatively admitted herein are denied.  Answering the enumerated paragraphs of the Complaint, the defendants state as follows:

1.      As to the paragraphs numbered 1 and 2 of the first section of the Complaint entitled "Preliminary Statement," the defendants are not required to respond to the averments of those paragraphs as those averments are legal conclusions and characterizations about the plaintiff's action and the federal and state statutory bases for the plaintiff's claims.

2.      As to the paragraph numbered 3 of the first section of the Complaint entitled "Preliminary Statement," the defendants admit that the plaintiff was employed as a salaried field trainer.  Although the defendants are not required to respond to the remaining averments of that paragraph which are legal conclusions, the defendants contend that the plaintiff's position was exempt from overtime.

3.      As to the paragraph numbered 4 of the first section of the Complaint entitled "Preliminary Statement," the defendants deny that the plaintiff's position was misclassified as an exempt employee but admit that she was a salaried employee.  As to the remaining averments of that paragraph which are legal conclusions, the defendants are not required to respond to those averments.

4.      As to paragraph numbered 5 of the first section of the Complaint entitled "Preliminary Statement," the defendants deny the averments of that paragraph which are also legal conclusions.

5.      As to paragraph numbered 6 of the first section of the Complaint entitled "Preliminary Statement," the defendants are not required to respond to those averments which are legal contentions and are impertinent and irrelevant, one-sided contentions as to the pre-suit settlement negotiations, which are prohibited by Fed. R. Evid. 408.

6.      As to paragraphs numbered 7, 8, and 9 of the second section of the Complaint entitled "Jurisdiction and Venue," the defendants are not required to respond to those averments which are legal conclusions regarding jurisdiction and venue in this Court.

7.      As to paragraphs numbered 10, 11, and 12 of the third section of the Complaint

entitled "The Parties," the defendants admit that the averments of information about the defendant Rome Technologies from the Maryland State Department of Assessments and Taxation that the defendant Rome Technologies is a Maryland corporation incorporated in Maryland and that its principal place of business is 412 Headquarters Drive, Suite 4, Millersville, Maryland 21108 is true.  As to paragraph 12 of the third section of the Complaint entitled "Parties," the plaintiff's characterization of the information as to the headquarters of the defendant Rome Technologies from the Maryland State Department of Assessments and Taxation website is mistaken.

8.      As to the paragraph numbered 13 of the third section of the Complaint entitled "The Parties," the defendants state that the plaintiff's characterizations of the information as to the statements made on its website appear accurate.

9.      As to the paragraph numbered 14 of the third section of the Complaint entitled "The Parties," the defendants are not required to respond to the averment regarding whether Mr. Rome has an ownership interest or shareholder interest in the defendant Rome Technologies and contend that such information is wholly irrelevant to this action.

10.     As to the paragraph numbered 15 of the third section of the Complaint entitled "The Parties," the defendants admit that its website identifies Mr. Rome as the president of the defendant Rome Technologies.

11.     As to the paragraph numbered 16 of the third section of the Complaint entitled "The Parties," the defendants state that the plaintiff's characterizations of the information as to

Mr. Rome's role as the resident agent and the business address from the Maryland State Department of Assessments and Taxation appear accurate.

12.     As to the paragraphs numbered 17 and 18 of the third section of the Complaint entitled "The Parties," the defendants admit that Mr. Rome is employed by the defendant Rome Technologies and that he is regularly present at its headquarters.

13.     As to the paragraph numbered 19 of the third section of the Complaint entitled "The Parties," the defendants admit that Mr. Rome is involved in the daily operation of the defendant Rome Technologies in his capacity as its president.

14.     As to the paragraphs numbered 20, 21, 22, and 23 of the third section of the Complaint entitled "The Parties," the defendants admit that Mr. Rome's duties as president involve determination of compensation policies, duties of employment, authority to hire, authority to fire and admit that Mr. Rome was involved in the decision by the defendant Rome Technologies to hire the plaintiff and in the decision by the defendant Rome Technologies to offer her a salaried, exempt job with the defendant Rome Technologies.

15.     As to the paragraph numbered 24 of the third section of the Complaint entitled "The Parties," the defendants are without knowledge or information sufficient to form a belief as to the truth of the averments regarding the "conditions of Plaintiff" but admit that Mr. Rome has some duties as to the work schedules and job duties of all of the employees including the former employment of the plaintiff in his capacity as the president of the defendant Rome Technologies.

16.     As to the paragraph numbered 25 of the third section of the Complaint entitled

"The Parties," the defendants are without knowledge or information sufficient to form a belief as to the truth of the averment regarding the plaintiff's present residency as of April 30, 2019.

17.     As to the paragraph numbered 26 of the third section of the Complaint entitled "The Parties," the defendants admit that the approximate dates of the plaintiff's former employment with the defendant Rome Technologies are true, albeit not precise.

18.     As to the paragraphs numbered 27, 28, 29, 30, and 31 of the fourth section of the Complaint entitled "Factual Allegations," the defendants are not required to respond to those averments which are legal contentions.

19.     As to the paragraphs numbered 32, 33, 34, and 35 of the fourth section of the Complaint entitled "Factual Allegations," the defendants are not required to respond to those averments which are legal contentions but admit that the defendant Rome Technologies hired and employed the plaintiff until she resigned on November 22, 2018 as a salaried and exempt field trainer and that her employment duties with the defendant Rome Technologies involved travel to customer work sites/shops.

20.     As to the paragraphs numbered 36 and 37, the defendants admit that the plaintiff traveled with more than one salaried and exempt field trainer and that her employment involved software demonstrations and the training of the customers' staff as to the use of the defendant Rome Technologies' software.

21.     As to the paragraphs numbered 38 and 39 of the fourth section of the Complaint entitled "Factual Allegations," the defendants are not required to respond to those averments which are legal contentions.

22.     As to the paragraph numbered 40 of the fourth section of the Complaint entitled "Factual Allegations," the defendants admit that the plaintiff was paid her annual salary in bi-monthly installments paid on the 15th and the last date of the month.

23.     As to the paragraph numbered 41 of the fourth section of the Complaint entitled "Factual Allegations," the defendants admit that the plaintiff's position of employment was salaried and that her salaried position was exempt.

24.     As to the paragraph numbered 42 of the fourth section of the Complaint entitled "Factual Allegations," the defendants admits that the plaintiff's salary was "approximately" $65,000.00 on November 22, 2018 when she resigned her position of employment.

25.     As to the paragraph numbered 43 of the fourth section of the Complaint entitled "Factual Allegations," the defendants admits that the plaintiff was eligible for a bonus if she worked for more than three (3) weeks in a month of $1,500.00 and if she did not take leave during the three (3) weeks of the month that the plaintiff was required to work, but denies the remaining averment of this paragraph.

26.     As to the paragraph numbered 44 of the fourth section of the Complaint entitled "Factual Allegations," the defendants are without knowledge or information sufficient to form a belief as to the truth of the averment as to the plaintiff's claim that she regularly worked more than forty (40) hours each of the three weeks in a month that she was required to work.

27.     As to the paragraphs numbered 45, 46, 47, 48, and 49 of the fourth section of the Complaint entitled "Factual Allegations," the defendants are not required to respond to those averments which are legal contentions but denies that it misclassified the plaintiff's position as exempt and denies that its actions were "willful, arbitrary, unreasonable, and in bad faith."  As to the allegation that "the defendants classified Plaintiff as an exempt employee," the defendants

admit that the defendant Rome Technologies classified the plaintiff's field trainer position as salaried and exempt.

## FIRST CLAIM FOR RELIEF
### (Violation of the Fair Labor Standards Act and the Code of Federal Regulations)

28.     As to paragraph number 50 of the Complaint, the defendants adopt and incorporate by reference their answers and responses to the allegations made in the preceding paragraphs, numbered 1 through 49.

29.     As to the paragraphs numbered 51, 52, 53, and 54 of the fifth section of the Complaint entitled "First Claim for Relief," the defendants are not required to respond to those averments which are legal contentions but deny that Mr. Rome employed the plaintiff and deny that the plaintiff is owed overtime.

30.     As to the paragraph numbered 55 of the fifth section of the Complaint entitled "First Claim for Relief," the defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of that paragraph.

31.     As to the paragraphs numbered 56, 57, 58, 59, and 60 of the fifth section of the Complaint entitled "First Claim for Relief," the defendants are not required to respond to those averments which are legal contentions but deny that they failed to compensate the plaintiff properly and deny that the actions of the defendants were "willful, arbitrary, unreasonable, and in bad faith."

## SECOND CLAIM FOR RELIEF
### (Violation of the Maryland Wage and Hour Law)

32.     As to the paragraph numbered 61 of the sixth section of the Complaint entitled "Second Claim for Relief," the defendants adopt and incorporate by reference their answers and responses to the allegations made in the preceding paragraphs, numbered 1 through 60.

33.     As to the paragraphs numbered 62, 63, 64, and 65 of the sixth section of the Complaint entitled "Second Claim for Relief," the defendants are not required to respond to those averments which are legal contentions but deny that they were obligated to compensate the plaintiff for overtime and deny that Mr. Rome was the plaintiff's employer.

34.     As to the paragraphs numbered 66, 67, 68, 69, and 70 of the sixth section of the Complaint entitled "Second Claim for Relief," the defendants are not required to respond to those averments which are legal contentions but deny that the plaintiff is owed overtime, deny that they failed to compensate the plaintiff properly, and deny that that the actions of the defendants were "willful, arbitrary, unreasonable, and in bad faith."

## THIRD CLAIM FOR RELIEF
### (Violation of the Maryland Wage Payment and Collection Law)

35.     As to the paragraph numbered 71 of the seventh section of the Complaint entitled "Third Claim for Relief," the defendants adopt and incorporate by reference their answers and responses to the allegations made in the preceding paragraphs, numbered 1 through 70.

36.     As to the paragraphs numbered 72, 73, 74, 75, 76, 77, 78, and 79 of the seventh section of the Complaint entitled "Third Claim for Relief," the defendants are not required to respond to those averments which are legal contentions but deny that they were obligated to compensate the plaintiff for overtime and deny that they failed to pay the plaintiff any wages due to her upon her resignation from her employment as a salaried and exempt employee.

37.     As to the lettered and unnumbered paragraphs (A) through (J) of the eighth section of the Complaint entitled "Prayer for Relief," the defendants are not required to respond to those averments which are legal contentions about claimed damages and declaratory relief sought by the plaintiff.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted to plaintiff against the defendants under the Fair Labor Standards Act of 1938, 29 U.S.C.S. § 201 *et seq.* ("FLSA"), or under the Maryland Wage and Hour Law,  Md. Code Ann., Lab. & Empl. §§ 3-415, 3-420 ("MWHL"), and Maryland Wage Payments and Collection Law, Md. Code Ann. Labor & Emp't § 3-501, *et seq.* ("MWPCL").

## THIRD DEFENSE

The defendants contend that Mr. Rome is not the plaintiff's "employer" under the FLSA and under the MWHL, that Mr. Rome has no personal liability to the plaintiff for her statutory claims as her alleged employer and that Mr. Rome is an improper defendant.

## FOURTH DEFENSE

The defendants contend that the plaintiff's position was exempt and that the plaintiff was formerly employed as an exempt employee in an administrative, a teaching, an executive or a professional capacity.

## FIFTH DEFENSE

The defendants contend that there is a *bona fide* dispute and that they acted with objectively reasonable grounds, good faith and justification in properly classifying the plaintiff's former employment as an exempt position.

## SIXTH DEFENSE

The defendants contend that the plaintiff was paid all compensation owed to her in accordance with law and the defendants therefore have no information or knowledge to form a belief as to the truth of the plaintiff's alleged damages, injuries, and/or losses as set forth in the Complaint, and, accordingly, deny same and demand strict proof thereof.

WHEREFORE, having fully answered the plaintiff's Complaint, the defendants, Rome Technologies, Inc. and Scott V. Rome, request that the Complaint be dismissed <u>with prejudice</u> and that costs be awarded in their favor against the plaintiff and that this Honorable Court grant them such other relief to which it is entitled.

Respectfully submitted,

JORDAN COYNE LLP


By:   / s / ***Deborah Murrell Whelihan***
      Deborah Murrell Whelihan, Bar #05149
      10509 Judicial Drive, Suite 200
      Fairfax, VA  22030-5118
      Main Telephone no.:  (703) 246-0900
      Direct Dial telephone no.:  (703) 246-0910
      Facsimile:  (703) 591-3673
      E-mail:  d.whelihan@jocs-law.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Answer to Plaintiff's Complaint was filed and served through was served as required by Fed.R.Civ.P. 5(a) and sent electronically through ECF in accordance with LR 102.1(c), to:

James Edward Rubin, Esquire
THE RUBIN EMPLOYMENT LAW FIRM, PC
600 Jefferson Plaza, Suite 204
Rockville, MD  20852
*Attorneys for Plaintiff*

Jason T. Brown, Esquire
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ  07310
*Pro Hac Vice Attorneys for Plaintiff*

_____ / s / **_Deborah Murrell Whelihan_** _____
Deborah Murrell Whelihan